Charles A. Loreto, J.
This is an application pursuant to section 775 of the Judiciary Law by the defendant husband for a release from incarceration. All the orders entered herein relate to a separation action between the parties and are a sequel to a decree entered therein awarding to the plaintiff wife permanent alimony and counsel fees. Defendant’s default in and failure to comply therewith have resulted in his incarceration. Several orders for his commitment have followed, his incarceration having continued uninterruptedly by virtue of and since the first order of commitment. The defendant is 70 years of age and has already suffered imprisonment thereby in the civil jail since February 17, 1967, a period of eight and one-half months. His contention is that his physical condition is such that he cannot endure imprisonment. Medical proof on this subject has been offered by both sides. The statute requires a court to determine whether he “is unable to endure the imprisonment”. An oral hearing has been held on this issue. The reports of the doctors who have examined the defendant which are a part of the file? have beep received for cop *155 sideration. The oral testimony of only one doctor has been proffered. He was appointed by the court for that purpose at the defendant’s instance. His examination of the defendant is the most recent one, having been held on October 25, 1967. He is a doctor with more than 50 years of experience and an eminent specialist in his field. He expressed the firm conviction and opinion that continued imprisonment of the defendant would incur serious danger to his life. The Warden was called by the plaintiff’s attorney to testify to his routine of life while incarcerated and the medical attention he has received while confined. The latter, in the court’s opinion, indicates precaution there taken against incurring the risk of an emergency. The court is satisfied on all the proof adduced that the defendant “ is unable to endure the imprisonment ” and should be released from further confinement by reason of the orders of commitment heretofore issued in this matrimonial suit against him. However, under section 775 of the Judiciary Law in its discretion the court will make this release of the defendant conditioned upon the payment of reasonable counsel fee to the attorney for the plaintiff wife for the services rendered in this proceeding, in the sum of $350.